STATE OF MISSOURI, Respondent, v. WILLIAM FERGU-
SON, Appellant.

St. Louis Court of Appeals, May 3, 1887.

1. APPELLATE PRACTICE—CRIMINAL LAW.—Appellate courts will ex-
amine into the merits of an appeal in a criminal case, as disclosed
by the record, regardless of whether errors are properly assigned,
and if no error appears, will affirm the judgment.

2. CRIMINAL LAW—ASSAULT—SELF-DEFENCE.—A person can not use a
deadly weapon, with intent to kill, in repelling a non-felonious
assault not designed to inflict serious bodily harm.

APPEAL from the St. Francois County Circuit Court,
JAMES D. FOX, Judge.

*Affirmed.*

THOMPSON, J., delivered the opinion of the court.

The defendant was indicted for an assault, with
intent to kill; a jury returned a verdict of guilty, and
assessed his punishment at a fine of one hundred dollars,
and imprisonment in the county jail for the period of
three months; the court, on the defendant's motion,
under the power granted in section 1933, Revised Stat-
utes, commuted the punishment to a fine of one hundred
dollars, only, the minimum punishment allowed by the
statute (Rev. Stat., sect. 1263); and, from the judgment
thus finally rendered, this appeal is prosecuted. Coun-
sel have entered an appearance in this court for the
defendant, and a formal assignment of errors has been
filed, but no statement or brief. This formal assignment
of errors, drawn upon a printed blank, assigns every-
thing, and, therefore, fails to apprise us of the grounds
of error to which counsel for the defendant desire to
direct our attention. Under section 1993, Revised Stat-
utes, it is our duty, in such a case, to render a judgment

upon the merits, after an examination· of the record. To this end, we have looked through the record with care, and find in it no substantial error to the prejudice of the defendant.

I. The verdict is amply sustained by the evidence. The state's evidence tended to show that the defendant and James Huggins got into a quarrel at the residence of the defendant's father; that the defendant seized a pistol and shot Huggins, wounding him slightly; whereupon, Huggins struck the defendant with a chair; after which, the defendant, placing the pistol close to the body of Huggins, fired a second time, shooting him through the lungs, and inflicting a dangerous wound. The defendant's evidence did not differ very much from that of the state, except that it tended to show that Huggins struck the defendant with a chair before the defendant shot him the first time. Upon the hypothesis of the defendant's evidence, we could not say that the verdict of the jury is unwarranted; for we are not prepared to say, as matter of law, that a man is entitled to defend himself, with a pistol, against another man, who, in a quarrel, strikes him with a chair.

II. The instructions, on which the court submitted the case to the jury, seem to have been well drawn, and seem to have placed the hypothesis of self-defence before the jury, in a manner as favorable to the accused as the law would have warranted. Complaint is made, in the motion for a new trial, that the court refused an instruction, offered by the defendant, on the hypothesis of self-defence. We are of opinion that this complaint is not well founded, for two reasons: (1) The court had already sufficiently instructed the jury on this hypothesis, in a manner so favorable to the prisoner as to leave no just ground for complaint. (2) The instruction, which was tendered, told the jury that if Huggins first assaulted the defendant, or, by any unlawful act, brought on the difficulty, the defendant was justified in acting in his own defence, and that the jury should

acquit him, if he shot Huggins in an effort to repel the assault, made upon him by Huggins, and used no more force than was necessary. As applicable to the evidence, this instruction would have been misleading. A man is not allowed, by the law, to use a deadly weapon in repelling an assault, unless the assault is of such a character as apparently to threaten him with death, or serious bodily harm. But, if this instruction is the law, then a man may use a deadly weapon, if, under the circumstances, the use of such a weapon may be necessary to repel a non-felonious assault, where the assailant has no other apparent purpose than to strike, or beat him, without inflicting serious bodily injury.

III. In support of the motion for new trial, affidavits were introduced, tending to show that, after the jury had retired to a separate room, to consider of their verdict, the prosecuting witness and his brother, who, also, had been a witness at the trial, went into the room, where the jurors were, and remained, closeted with them, for some minutes. Counter affidavits tended to show that, when the jury were sent out to deliberate upon their verdict, they were taken, by the sheriff, into the clerk's office, and, that, before all the jurors had assembled there, the prosecuting witness and his brother went with the deputy clerk into the clerk's office, to claim their attendance, as witnesses; that they held no communication, whatever, with the jurors while there, and that they left the room before the jurors were all assembled therein. Any inference of prejudice to the accused, from this circumstance, was thus clearly repelled by the counter affidavits, and we cannot say that the court erred in refusing a new trial upon this ground.

It is ordered that the judgment of the circuit court be affirmed. Judge Rombauer concurs. Judge Lewis is absent.